THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

(No. 83AP-377—Decided December 15, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. Charles G. Kaps,* for appellant.

REILLY, J. Defendant, Danny Lee Jones, appeals from the finding of guilty pursuant to the entering of a plea of no contest to the offenses of carrying a concealed weapon (R.C. 2923.12) and having a weapon while under disability (R.C. 2923.13). The latter count included specifications as provided in R.C. 2941.141. A *nolle prosequi* was entered to a charge of felonious assault.

Defendant asserts three assignments of error:

1. "Because the state legislature by enacting [Section] 2929.71(A) of the Revised Code which provides for a discretionary three year enhancement of the original sentence where firearms are involved, failed to include discernible standards for administering that section, the prosecutor, therefore, has no rational basis for choosing a person or persons to whom the enhanced sentence shall be applied, and violated appellant's Fourteenth Amendment right to due process and equal protection under the Constitution."

2. "By enacting R.C. 2929.71(A) which provides for [a] three year enhancement of sentence and by failing to include within that provision any discernible guidelines or standards for how the enhanced sentence is to be applied, the legislature permitted the prosecutor to invade its constitutional right to prescribe and fix punishment for crimes defined by statute, thereby violating the Doctrine of Separation of Powers under Article II of the Ohio Constitution."

3. "Permitting the discretionary use of the R.C. 2929.71(A) three year enhancement penalty to apply in addition to the criminal penalties provided for in the fourth degree felony of having a weapon under disability (R.C. 2923.13) while at the same time failing to prescribe identifiable standards or guidelines in order to prevent the capricious or arbitrary exercise of that discretion, constitutes cruel and unusual punishment in the way the statute is administered, and imposing such punishment, therefore, violated defendant's Eighth and Fourteenth Amendment rights under the U.S. Constitution."

Defendant's first assignment of error is not well-taken. Defendant was sentenced under R.C. 2929.71(A) for possessing a firearm during the commission of a felony and possessing a weapon while under disability. This section requires a mandatory period of three years' actual incarceration. Defendant contends that since the sentence under R.C. 2929.71(A) requires a specification in the indictment, the state could control a defendant's sentence by including or excluding the specification, and that insufficient guidelines were provided to guide the state in making that decision.

Defendant, as noted above, was indicted pursuant to R.C. 2923.13, possessing a weapon while under disability. The indictment also included a specification under R.C. 2941.141 that defendant committed the offense while having a firearm on or about his person or under his con-

trol. The General Assembly has mandated that a finding of possession of a firearm during the commission of a felony requires the imposition of three years' actual incarceration. Thus, the determination by the grand jury in returning an indictment with the specification is that there is probable cause to believe that the defendant had a firearm in his possession or under his control while committing a felony.

The statute in question gives a person of ordinary intelligence reasonable notice that his contemplated conduct is forbidden and does not encourage arbitrary arrests. Hence, it is not void for vagueness and does not violate due process. *Papachristou* v. *City of Jacksonville* (1972), 405 U.S. 156. The statutes set forth adequate guidelines for including a specification in the indictment. It is well-settled that the decision whether to prosecute and what charge to file or to bring before the grand jury rests within the discretion of the prosecutor. *Bordenkircher* v. *Hayes* (1978), 434 U.S. 357.

Discrimination in the enforcement of a criminal statute may constitute an equal protection violation. However, to establish unconstitutional discriminatory prosecution, the defense must show a *prima facie* case that others similarly situated have not generally been proceeded against although guilty of the same conduct, and that the defendant was purposely and intentionally discriminated against upon an unjustifiable standard. *State* v. *Flynt* (1980), 63 Ohio St. 2d 132 [17 O.O.3d 81]; *State, ex rel. Nagle,* v. *Olin* (1980), 64 Ohio St. 2d 341 [18 O.O.3d 503].

The indictment in this case was returned by the grand jury. There is no showing that defendant was charged with a specification based upon an unjustifiable standard. Moreover, the record does not indicate any evidence of unconstitutional discriminatory enforcement. The pertinent statutes are definite and contain adequate guidelines for enforcement. There were no due process violations demonstrated, nor has any infringement of equal protection rights been shown.

Therefore, defendant's first assignment of error is overruled.

Defendant's second assignment of error is also not well-taken. The statute mandates a sentence of three years' actual incarceration when a defendant is found to have possessed a firearm during the commission of a felony. The statute is definite as to the prerequisites for such a specification, and the grand jury has adequate guidelines for determining whether the evidence merits including the specification in the indictment. The determination of whether the prosecutor and grand jury choose to include a specification in the charge is within their discretion in considering the merits of a particular case.

The decision as to whether the evidence merits a specification in the indictment is made under adequate statutory guidelines, and the power to enforce R.C. 2929.71 is not an invalid delegation of legislative authority.

Accordingly, defendant's second assignment of error is overruled.

Defendant's third assignment of error is also without merit. Defendant contends that R.C. 2929.71 constitutes cruel and unusual punishment because of the lack of guidelines in enforcing the statute. This section, however, does not give the prosecutor more discretion than that which is exercised in determining how to prosecute any other offense.

Defendant notes that the General Assembly specifically excluded the offense of carrying a concealed weapon from R.C. 2929.71. Nonetheless, carrying a concealed weapon as a third-degree felony already involved a maximum potential penalty of ten years. Having a weapon while under disability, however, involved only a term of one to five years before the enactment of R.C. 2929.71, and still carries a maximum term of two years less than that for carrying a concealed weapon. Consequently, the present

penalty for having a weapon while under disability is not materially different from similar offenses. The General Assembly could reasonably conclude that the added risks involved in the possession of firearms by persons under disability merited a mandatory prison term of three years.

Thus, defendant's third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.