THE STATE OF OHIO, APPELLEE, *v.* ROE, APPELLANT.

[Cite as State *v.* Roe (1989), 41 Ohio St. 3d 18.]

(No. 87-1879—Submitted January 17, 1989—Decided March 22, 1989.)

S. Michael Miller, prosecuting attorney, and Alan C. Travis, for appellee.

Barry W. Wilford, for appellant.

Per Curiam. In appealing his convictions, and his sentence for aggravated murder, appellant raises thirty-nine propositions of law. For the reasons discussed below, we affirm the judgment of the court of appeals in all respects and uphold appellant's sentence of death.

I

In propositions of law one through five, appellant raises challenges to the constitutionality of various portions of Ohio's death penalty statutes, each of which arguments — save one — has been considered and rejected in several of our prior cases: State v. Jenkins (1984), 15 Ohio St. 3d 164, 15 OBR 311, 473 N.E. 2d 264; State v. Maurer (1984), 15 Ohio St. 3d 239, 15 OBR 379, 473 N.E. 2d 768; State v. Buell (1986),
22 Ohio St. 3d 124, 136, 139-141, 22 OBR 203, 213, 216-218, 489 N.E. 2d 795, 806, 809-810; State v. Zuern (1987), 32 Ohio St. 3d 56, 63-64, 512 N.E. 2d 585, 592-593. In his third proposition of law, appellant, inter alia, argues that the death penalty statutes impermissibly fail to require the jury to consider "doubt as to the defendant's guilt" as a mitigating factor pursuant to R.C. 2929.04(B). However, a review of the charge to the sentencing jury discloses no instruction specifically prohibiting the consideration of this factor, which, of course, could have been considered in the "catchall" provision of R.C. 2929.04(B)(7). Furthermore, appellant made no request at trial for specific instructions requiring consideration of this factor. Appellant's argument is thus without merit.

II

In his sixth proposition of law, appellant argues that the kidnapping specification fails to genuinely narrow the class of aggravated murderers eligible for death, because the elements of kidnapping are inherent in any aggravated murder. This argument has been rejected on similar facts in Jenkins, supra, at 194-198, 15 OBR at 337-340, 473 N.E. 2d at 292-295; Maurer, supra, at 242-243, 15 OBR at 381-383, 473 N.E. 2d at 774-775; and Buell, supra, at 141-142, 22 OBR at 218, 489 N.E. 2d at 810-811.

III

In proposition of law number seven, appellant challenges the trial court's denial of his motion for an expert witness to investigate: (1) whether the jury array represented a fair cross-section of the community; and (2) Franklin County's practice of compiling the annual jury list by taking names at random from a list of registered voters. His arguments are

not well-taken. Appellant failed to establish that such expert services were reasonably necessary pursuant to R.C. 2929.024, due to the availability of alternate devices that would fulfill the same function as the expert witness, such as census data and the individual demographic information contained in the juror questionnaires provided appellant. See *Jenkins, supra,* at 193, 15 OBR at 335-336, 473 N.E. 2d at 291. In addition, the use of voter registration lists to select qualified jurors has consistently been upheld by this court. See *State* v. *Esparza* (1988), 39 Ohio St. 3d 8, 13, 529 N.E. 2d 192, 197-198, and cases cited therein.

### IV

In his eighth, ninth and tenth propositions of law, appellant questions the jury selection process. First, appellant contends that two veniremen were improperly excluded for cause on the grounds of their beliefs concerning capital punishment. The record reveals, however, that both prospective jurors were properly excluded under the standard set forth in *Wainwright* v. *Witt* (1985), 469 U.S. 412, which standard this court embraced in *State* v. *Rogers* (1985), 17 Ohio St. 3d 174, 178, 17 OBR 414, 417, 478 N.E. 2d 984, 989 (*Rogers I*), vacated on other grounds (1987), 32 Ohio St. 3d 70, 512 N.E. 2d 581. R.C. 2945.25(C)[1] does not impose a higher standard than that set forth in *Witt*.

Second, appellant states that juror Kathleen Hill should have been excluded for cause because she indicated that she was strongly in favor of capital punishment and would not be able to follow the law on mitigating factors as instructed to her. However, even assuming it was error not to exclude this juror for cause, the record reveals that appellant did not exhaust his peremptory challenges and could have thus removed juror Hill himself, without cause. Most important, juror Hill did not finally sit as a juror in this case, and thus we cannot find a denial of appellant's right to a fair and impartial jury.

Finally, appellant argues that the state's use of peremptory challenges to excuse five black prospective jurors denied him the right to a jury drawn from a fair cross-section of the community. This argument is without merit, as the fair cross-section requirement of *Taylor* v. *Louisiana* (1975), 419 U.S. 522, has never been applicable to the petit jury's composition, as to do so "would be unworkable and unsound." *Lockhart* v. *McCree* (1986), 476 U.S. 162, 174. In any event, appellant's argument is specious, given that four of the final twelve petit jurors were black, as were two of the four alternates, and the population of Franklin County at the time of trial was approximately thirteen percent black.

### V

In his eleventh, twelfth and thir-

---

[1] R.C. 2945.25 provides, in pertinent part:

"A person called as a juror in a criminal case may be challenged for the following causes:

"* * *

"(C) In the trial of a capital offense, that he unequivocally states that under no circumstances will he follow the instruc-tions of a trial judge and consider fairly the imposition of a sentence of death in a particular case. A prospective juror's conscientious or religious opposition to the death penalty in and of itself is not grounds for a challenge for cause. All parties shall be given wide latitude in voir dire questioning in this regard."

teenth propositions of law, appellant argues that his statements to law enforcement authorities while in custody in Greene County should have been suppressed, as such statements were obtained in violation of his privilege against self-incrimination and his right to counsel, as guaranteed by the federal and state Constitutions. It is undisputed that detectives from Beavercreek, Ohio, and Columbus, Ohio, spoke with appellant on seven occasions, beginning on November 6, 1984. At all but the initial interview, appellant was not advised of his *Miranda* rights. However, the protections of *Miranda* attach only where the appellant is subject to custodial interrogation. Interrogation occurs "whenever a person in custody is subjected to either express questioning or its functional equivalent * * * [or] * * * any words or actions on the part of the police that the police * * * should know are reasonably likely to elicit an incriminating response." *Rhode Island* v. *Innis* (1980), 446 U.S. 291, 300-301. Except for the initial interrogation concerning the breaking and entering of the Radio Shack store, the remaining six discussions were initiated at the behest of appellant, who desired to trade his information regarding the Crawford case for favorable disposition of the breaking and entering charges. Appellant did not become a suspect in the Crawford case until November 23, 1984, which was three days after the last challenged "interrogation" by police. Since appellant was not subject to custodial interrogation, he was not entitled to *Miranda* warnings. Appellant's eleventh proposition of law is without merit.

Similarly, although appellant's right to counsel may have attached as to the breaking and entering charges, his right to counsel as to the Crawford case had not. All of the challenged statements here were made prior to appellant becoming a suspect, and obviously before the initiation of formal charges, when the right to counsel attaches. *Moran* v. *Burbine* (1986), 475 U.S. 412, 431; *Michigan* v. *Jackson* (1986), 475 U.S. 625. The fact that other charges were pending does not affect the determination of whether the statements regarding other acts are admissible. "Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses." *Maine* v. *Moulton* (1985), 474 U.S. 159, 180, fn. 16. We decline appellant's invitation to extend the protections of Section 10, Article I of the Ohio Constitution beyond those guaranteed by the Sixth Amendment. Appellant's twelfth and thirteenth propositions of law are without merit.

## VI

Appellant challenges various photographic evidence in his fourteenth, fifteenth and twenty-seventh propositions of law.

Appellant first argues that five photographs of Crawford's body were improperly admitted at trial, due to their prejudicial effect on the jury. This argument is without merit. The probative effect of these photographs, depicting the scene of the discovery of the body and the autopsy, outweighs their prejudicial effect, and the photographs were not repetitive or cumulative. The photographs were thus properly admitted under the test set forth in *State* v. *Thompson* (1987), 33 Ohio St. 3d 1, 9, 514 N.E. 2d 407, 415-416; and *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 15 OBR 379, 473 N.E. 2d 768.

Appellant next argues that two pre-death photographs of Crawford were introduced "solely to inflame and

prejudice the jury," and her mother's testimony regarding Donette's care of her daughter was "especially prejudicial" in this case. This argument is without merit, as the photographs were clearly relevant for identification purposes, and Mrs. Crawford's testimony was relevant to explain her reaction when Donette failed to pick up her daughter early on October 7, 1984. Even if the admission of such evidence were improper, which it was not, appellant failed to object at trial and has thus waived the issue here. *State* v. *Scott* (1986), 26 Ohio St. 3d 92, 100, 26 OBR 79, 85-86, 497 N.E. 2d 55, 62.

Finally, appellant objects to the admission of a photograph depicting appellant with a handgun in his waistbelt and surrounded with guns in the foreground and background. However, this photo was properly admitted in rebuttal to testimony by appellant's brothers that they had never seen appellant with a firearm.

Appellant's fourteenth, fifteenth and twenty-seventh propositions of law are without merit.

## VII

In his sixteenth proposition of law, appellant argues that statements he made to his cellmate at the Franklin County Jail prior to trial should have been suppressed as they were made in the absence of counsel in violation of the Ohio Constitution. However, inasmuch as no state action was involved when appellant made his inculpatory statements to the cellmate (since the statements were made *before* the cellmate contacted the prosecutor's office), appellant's right to counsel was not violated. *Kuhlmann* v. *Wilson* (1986), 477 U.S. 436, 456-459. Appellant's sixteenth proposition of law is without merit.

## VIII

In his seventeenth proposition of

law, appellant complains that the testimony of appellant's cellmate, that appellant had a computer list of the names and addresses of the jurors, prejudiced the jurors and influenced the sentencing process. This argument is without merit. The trial court explained to the jurors that the appellant was entitled to such list by statute and that it was, in any event, public information. The testimony was relevant to demonstrate that the cellmate did not fabricate his testimony from reading appellant's "legal papers" as the only such papers he saw were the jury lists. Evid. R. 401. Appellant has not demonstrated that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice. Evid. R. 403(A).

## IX

In his eighteenth proposition of law, appellant contends that the admission of evidence of other criminal activity by the appellant during the guilt phase and comment thereon by the prosecutor during the closing arguments denied him a fair trial. We disagree, as each of the five instances of "other acts" evidence cited by appellant were admitted for purposes " 'other than to show mere propensity or disposition on the accused's part to commit the crime.' " *State* v. *Watson* (1971), 28 Ohio St. 2d 15, 21, 57 O.O. 2d 95, 98, 275 N.E. 2d 153, 156; Evid. R. 404(B). Evidence of each of these "other acts" was admissible under the rule set forth in *State* v. *Wilkinson* (1980), 64 Ohio St. 2d 308, 317, 18 O.O. 3d 482, 488, 415 N.E. 2d 261, 269, wherein we stated: " '[E]vidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically

to prove any element of the crime charged," ' " quoting *United States* v. *Turner* (C.A. 7, 1970), 423 F. 2d 481, 483-484. See, also, *State* v. *Broom* (1988), 40 Ohio St. 3d 277, 533 N.E. 2d 682, paragraph one of the syllabus. The eighteenth proposition of law is without merit.

## X

In his nineteenth proposition of law, appellant complains that the warrant issued to search his home for stolen firearms was not supported by probable cause, since it was based on "stale" information over a year old. This argument is without merit, as the record reveals that the informant had seen what he believed to be a stolen .357 magnum handgun at the Roe residence as recently as three weeks before the issuance of the warrant. A review of the totality of the circumstances on the face of the record demonstrates that probable cause did indeed exist to support the issuance of this search warrant. *Illinois* v. *Gates* (1983), 462 U.S. 213.

## XI

In his twentieth proposition of law, appellant contends that the state was permitted to argue a non-statutory aggravating circumstance (*i.e.,* rape) in its guilt-phase closing argument. This argument fails for several reasons. First, the prosecutor did not specifically mention any other crime and in fact argued that the absence of Crawford's boots at the scene was probative of the indicted offenses, *i.e.,* aggravated robbery and kidnapping. Second, the jury was instructed that counsel's argument was not evidence. Third, the jury was instructed in both the guilt phase and sentencing phase that it could only deliberate on the indicted offenses and specifications. The twentieth proposition of law is without merit.

## XII

In his twenty-first proposition of law, appellant argues that the kidnapping specifications to both counts of aggravated murder should have been dismissed because such specifications failed to give him sufficient notice of the type of kidnapping charged (whether subsection [A] or [B] of R.C. 2905.01). We disagree, as the indictment herein gave appellant sufficient notice that he was charged with two counts of felony murder and two specifications alleging aggravating circumstances under R.C. 2929.04(A)(7). In addition, counts four and five of the indictment clearly set forth the only type of kidnapping which the state attempted to prove. Appellant's twenty-first proposition of law is without merit.

## XIII

In his twenty-second proposition of law, appellant claims that the repeated commenting to the jury that its recommendation of death was not binding on the court, albeit a correct statement of Ohio law, so eroded the jury's sense of responsibility for determining the appropriate sentence that appellant was thereby denied a fair trial. We can find no denial of due process that would result from reminding the jury, however frequently, of its proper role in Ohio's sentencing scheme, so long as such reminders are a correct statement of Ohio law and do not mislead the jury. See *State* v. *Buell* (1986), 22 Ohio St. 3d 124, 22 OBR 203, 489 N.E. 2d 795, certiorari denied (1986), 479 U.S. 871; *State* v. *Steffen* (1987), 31 Ohio St. 3d 111, 31 OBR 273, 509 N.E. 2d 383. We are particularly hesitant to make such a finding where appellant failed to object to the continued use of the term "recommend" at trial, and his counsel in fact contributed to the now complained-of "indoctrination" by using this term themselves.

Appellant's twenty-second proposition of law is without merit.

## XIV

In his twenty-third, and thirty-first through thirty-fourth propositions of law, appellant challenges various instructions given to the jury in both the guilt and sentencing phases at trial. Similar arguments against identical instructions have been raised and rejected in several of our prior cases: *Jenkins, supra; Maurer, supra; Buell, supra; State* v. *Williams* (1986), 23 Ohio St. 3d 16, 23 OBR 13, 490 N.E. 2d 906; and *State* v. *Scott* (1986), 26 Ohio St. 3d 92, 26 OBR 79, 497 N.E. 2d 55; *Zuern, supra* (32 Ohio St. 3d), at 59, 512 N.E. 2d at 589.

## XV

In his twenty-fourth proposition of law, appellant essentially reargues propositions of law numbers twenty-one, twenty-five and thirty-seven, each of which has been discussed and rejected elsewhere in this opinion. This twenty-fourth proposition of law is likewise without merit.

## XVI

In his twenty-fifth proposition of law, appellant contends that his convictions for kidnapping and aggravated robbery were not supported by sufficient evidence. Even though appellant failed to timely file a Crim. R. 29 motion for acquittal on these counts at trial and thus failed to preserve his arguments on appeal, we have reviewed the evidence, in the light most favorable to the prosecution, and hold that a jury could reasonably conclude that all the essential elements of these crimes have been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus.

In the instant case, evidence was adduced that appellant forced Donette Crawford to stop her car at gunpoint and removed her. Crawford had been paid that day. She had cashed her check and had the money in her possession at the time of the offense. When her car was recovered, it had been ransacked. Crawford's purse, boots, and money were never recovered. Furthermore, evidence was adduced that Crawford was removed from the point of the stop on the west side of Columbus and transported to the east side of Columbus where she was eventually murdered.

Appellant's twenty-fifth proposition of law is without merit.

## XVII

In proposition of law twenty-six, appellant argues that the trial court's refusal to sentence him on the noncapital convictions prior to the capital sentencing hearing injected an arbitrary factor into the sentencing process. This argument is devoid of merit, as no statutory provision for such bifurcated sentencing exists, and the trial court wisely avoided improperly influencing the jury's recommendation with its assessment of the severity of the crimes.

## XVIII

Appellant's twenty-eighth proposition of law, in which he argues that the trial court erred in excluding the testimony of a social worker with the Ohio Public Defender Commission during the sentencing hearing, is without merit. Such testimony, which would have shown the disposition of other capital cases in Franklin County where defendants have received sentences of life imprisonment, was irrelevant to the jury's sentencing decision, *State* v. *Steffen* (1987), 31 Ohio St. 3d 111, 31 OBR 273, 509 N.E. 2d 383, paragraph one of the syllabus; R.C. 2929.03(D), and was thus properly excluded.

*Jenkins, supra,* at 189, 15 OBR at 332-333, 473 N.E. 2d at 288-289.

## XIX

In his twenty-ninth proposition of law, appellant argues that the prosecutor's closing argument in the sentencing phase denied him a fair sentencing hearing. We find no error in the prosecution's emotional appeals, which were based on the evidence and did not play on the jurors' fears and passions. In addition, the prosecutor commented on statutory mitigating factors on which appellant had not presented evidence at the hearing. In *State* v. *DePew* (1988), 38 Ohio St. 3d 275, 289, 528 N.E. 2d 542, 557, we stated that "such comment is appropriate only with regard to those factors actually offered in mitigation by the defendant." Here, however, as in *Williams, supra,* at 23, 23 OBR at 19, 490 N.E. 2d at 913, appellant failed to timely object to such comment below, and in any event, the trial court's instructions to the jury regarding both non-statutory and statutory mitigating facts were sufficient to correct any error on the part of the prosecution. Although the prosecution's argument was improper, it did not amount to a conversion of mitigating factors into prohibited non-statutory aggravating factors. Appellant's twenty-ninth proposition of law is without merit.

## XX

In proposition of law thirty, which is related to the preceding proposition of law, appellant contends the trial court improperly instructed on mitigating factors not requested by him. This argument is without merit since, as discussed above, the trial court's instructions were properly based on the evidence as presented at trial, and included an instruction on the mitigating factors of the youth of the offender, lack of a significant history of prior criminal convictions and delinquency, and other factors that are relevant to the issue of whether the offender should be sentenced to death. R.C. 2929.04(B)(4), (5) and (7). A defendant may not limit the court's instructions in a manner inconsistent with the evidence presented.

## XXI

In his thirty-fifth proposition of law, appellant complains that the trial court refused to permit presentation of more mitigating evidence subsequent to the jury recommendation, and refused to grant a presentence investigation and mental examination at that time. In addition, appellant argues that the court failed to provide a meaningful opportunity for allocution. These arguments are without merit. R.C. 2929.03(D)(1) provides that all mitigating evidence must be presented to the jury, if the offender was tried by a jury, and that the reports requested must be requested immediately following the guilt phase so that they may be presented to the jury. A defendant may not wait for an unfavorable jury recommendation before presenting all relevant evidence in mitigation of sentence.

As to allocution, the trial court invited appellant to make a statement to the court immediately following the jury's recommendation, and when appellant declined, the judge left his invitation open for any time during the court's independent review. The record shows appellant did, in fact, make his allocution immediately prior to the court's pronouncement of sentence.

Appellant's thirty-fifth proposition of law is without merit.

## XXII

In proposition of law thirty-six, appellant challenges the adequacy of the trial court's written opinion, filed pur-

suant to R.C. 2929.03(F), alleging the court failed to consider mitigating evidence regarding his family and background. Our review of the court's opinion reveals that, although it did not list every factor concerning appellant's family and background, the court did consider those factors in its weighing process, and gave them little weight. *Eddings* v. *Oklahoma* (1982), 455 U.S. 104, 115. This proposition of law is without merit.

## XXIII

In his thirty-seventh proposition of law, appellant contends that the court of appeals, in its proportionality review, improperly failed to consider Franklin County capital cases in which the death penalty was not imposed. Such arguments have previously been addressed and rejected by this court in *Rogers, supra* (17 Ohio St. 3d 174, 17 OBR 414, 478 N.E. 2d 984), at paragraph nine of the syllabus, and specifically in *Steffen, supra,* paragraph one of the syllabus, and we are not persuaded to reconsider our position. Furthermore, in reviewing the court of appeals' independent review as a whole, we are convinced that that court fully and carefully performed its duties under R.C. 2929.05(A). Appellant's thirty-seventh proposition of law is without merit.

## XXIV

In his thirty-eighth proposition of law, appellant contends that he was denied his right to counsel and right to be present at all stages of the proceedings when he and his counsel were excluded from a portion of a suppression hearing, during which the court and prosecutors questioned a witness to determine whether the identity of an informant should be disclosed. Even though a criminal defendant has a constitutional right to be present, whether in person or by counsel, at all critical stages of his trial, Amendments Five, Six and Fourteen to the United States Constitution; *Snyder* v. *Massachusetts* (1934), 291 U.S. 97; Section 16, Article I of the Ohio Constitution; Crim. R. 43(A); *State* v. *Williams* (1983), 6 Ohio St. 3d 281, 6 OBR 345, 452 N.E. 2d 1323, paragraph two of the syllabus, such right may be lost by waiver. *United States* v. *Gagnon* (1985), 470 U.S. 522. Appellant here neither invoked his right to be present at the *in camera* proceeding, nor timely objected to his or his counsel's absence therefrom. The error in appellant's absence from this portion of the suppression hearing was harmless beyond a reasonable doubt. *Howard* v. *Kentucky* (1906), 200 U.S. 164; *Chapman* v. *California* (1967), 386 U.S. 18. Appellant was not absent during the taking of any evidence of his guilt, cf. *Green* v. *Arn* (C.A. 6, 1987), 809 F. 2d 1257, 1263, judgment reinstated (1988), 839 F. 2d 300, since the *in camera* hearing dealt solely with the propriety of revealing the name of an informant. More important, the name of this informant was provided to appellant on discovery, and such informant (Michael Daniel) testified at trial, was subject to cross-examination and admitted he was the informant. Finally, appellant has not demonstrated how his presence would have benefitted him in any way. See *Snyder, supra,* at 108; *Gagnon, supra,* at 527.

The thirty-eighth proposition of law is without merit.

## XXV

In his thirty-ninth proposition of law, appellant challenges the constitutionality of his sentence to two three-year terms of actual incarceration for firearm specifications in addition to indeterminate sentences for kidnapping and aggravated robbery. The actual incarceration imposed pursuant to R.C.

2929.71 does not constitute cruel and unusual punishment under the standards announced in *McDougle* v. *Maxwell* (1964), 1 Ohio St. 2d 68, 69, 30 O.O. 2d 38, 39, 203 N.E. 2d 334, 336; accord *State* v. *Jones* (1983), 13 Ohio App. 3d 65, 13 OBR 70, 468 N.E. 2d 158. Nor does the three-year term imposed under such statute violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. See *Missouri* v. *Hunter* (1983), 459 U.S. 359, 366. Appellant's final proposition of law is thus without merit.

## XXVI

We now independently weigh the aggravating circumstances against the mitigating factors presented below. R.C. 2929.05. Two aggravating circumstances were proven beyond a reasonable doubt:

(1) That appellant, as the principal offender, committed the offense of aggravated murder of Donette Crawford while he was committing or attempting to commit the offense of kidnapping, or while fleeing immediately thereafter;

(2) That appellant, as the principal offender, committed the offense of aggravated murder of Donette Crawford while he was committing or attempting to commit the offense of aggravated robbery, or while fleeing immediately thereafter.

In addition to his unsworn statement, appellant presented twenty-one mitigation witnesses. Through these witnesses, a detailed portrait of John Roe, from his early life with an abusive, alcoholic father to the date of his mitigation hearing, was presented. Early childhood friends and acquaintances described him as a quiet, well-mannered and non-violent child. In large part, these witnesses had not been in contact with appellant in five to ten years prior to the Crawford homicide.

Adult acquaintances of the Roe family in Barnesville, Ohio, described the early years of appellant's life (up to age seven) with an unemployed, alcoholic father who frequently physically and verbally abused appellant's mother, and occasionally appellant. Appellant's mother testified that she took appellant as a young boy on stealing trips to department stores, but she never told him that stealing was wrong. She corroborated the stories of appellant's father's abuse. Appellant's stepbrother and stepsister testified that appellant would play with them and that they liked him. Schoolteachers and administrators described him as an average to below average student, with an attendance problem. Some described him as a disrespectful student with a disciplinary problem.

Finally, appellant made an unsworn statement concerning his unfortunate childhood, his drug abuse, juvenile delinquency and prison experiences, and asked the jury to spare his life. Appellant was twenty-two years old at the time of the crime, and has a significant history of juvenile and adult theft-related offenses.

Weighing these mitigating factors against the aggravating circumstances that this aggravated murder was committed as the culmination of the kidnapping and aggravated robbery of an unsuspecting young mother, we are persuaded that such aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt, and that the sentence of death is appropriate in this case.

Finally, discharging our statutory duty, we have reviewed those cases in which death sentences were imposed for the commission of aggravated murder during the commission of aggravated robbery, *State* v. *Post* (1987), 32 Ohio St. 3d 380, 513 N.E. 2d 754;

*State* v. *Stumpf* (1987), 32 Ohio St. 3d 95, 512 N.E. 2d 598; and *State* v. *Byrd* (1987), 32 Ohio St. 3d 79, 512 N.E. 2d 611, and find that the sentence imposed in this case is neither excessive nor disproportionate, especially considering the commission of the additional offense of kidnapping.

Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.