[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
Defendant-appellant, Robert D. Swartz, appeals from the judgment and sentence of the Fostoria Municipal Court, Seneca County, following a bench trial for assault under R.C. 2903.13(A).
On April 13, 1998, Bonita Reinhart along with Diane Vanhorn and Dee Vanatta were at the Rail Bar in Fostoria, Ohio. They were there when defendant arrived at approximately 6:10 p.m. Diane then went to speak to him. According to the bartender, Ruth Keckler, defendant pushed Diane. Bonita testified that it was apparent defendant had pushed Diane and that she spoke to defendant at this time about hurting Diane.
Shortly after, the bartender observed defendant push Diane again and stated she was then asked by Diane to call 911. Bonita testified that she had seen Diane being picked up, that other people were restraining defendant, and that Diane was asking the bartender to call 911. Both the bartender and Bonita testified that upon the bartender picking up the phone behind the bar, defendant took the pay phone off the hook and prevented her from calling 911. According to Bonita, defendant left the receiver dangling so she went to hang it up. At this time, defendant called her name and when she turned to face him, he struck her with the palm of his hand. The bartender saw defendant's hand come up in the air towards Bonita, but did not actually see his hand contact her body. She testified that Bonita fell backwards between the doors. Two photographs were introduced at trial to show the injuries to Bonita's face. According to the arresting officer, defendant had bloody knuckles at the bar.
Defense counsel presented the testimony of defendant's brother as to this incident. His brother's testimony indicated that defendant did not hit Bonita, but that he had merely pushed her away after she approached him. Defendant himself testified he was using the pay phone to call his sister when Bonita tried to grab it from him. He testified he was unable to hang onto the phone and it snapped back and hit Bonita.
Following a bench trial, the court found defendant guilty and sentenced him to thirty days in jail, with twenty days conditionally suspended, plus a $150 fine.
Defendant now appeals and for his sole assignment of error, asserts as follows:
 The defendant was denied the effective assistance of counsel to which he was entitled under the Sixth and Fourteenth Amendments to the United States Constitution as well as Section 10, Article 1 of the Ohio Constitution.
The standard of review to be applied when assessing a claim of ineffective assistance of counsel is that of Strickland v.Washington (1984), 466 U.S. 668, and State v. Bradley (1989),42 Ohio St.3d 136. See State v. Goodwin (1999), 84 Ohio St.3d 331,334. The Ohio Supreme Court in Goodwin stated:
 To prevail on a claim of ineffective assistance of counsel, a defendant must show, first, that "counsel's performance was deficient" and, second, that "the deficient performance prejudiced the defense. * * * [C]ounsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. A Sixth Amendment violation does not occur "unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373, 380. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of trial would have been different." Id. at paragraph three of the syllabus.
Defendant's first argument in support of his assignment of error is that defense counsel was ineffective in failing to subpoena witnesses for the defense, in particular, Diane Vanhorn and Dee Vanatta. While defense counsel attempted to call both these witnesses to testify at trial, there is nothing in the record to indicate the substance of their proposed testimony. Defendant's counsel did present testimony by defendant's brother to corroborate defendant's testimony with regard to the incident at the pay phone. As a result, we conclude that defendant has not demonstrated he was prejudiced.
Defendant next claims that his counsel's waiver of opening statement can be seen as setting the stage for the State's presentation to appear to be overwhelming. The State presented to the trial judge a very brief opening statement outlining who would testify and minimally stating the substance of their testimony. In view of such a statement and because this case was tried before a trial judge, defendant's argument is without merit.
Defendant also claims that he was prejudiced when defense counsel failed to object to testimony of unrelated misconduct. Specifically, defendant argues counsel should have objected to evidence of the following acts: being violent towards the people who restrained him at the time of the altercation with Diane and having struck his brother when he went back to the Rail Bar following his arrest. Evid. R. 404(B) states as follows:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The record in this case establishes that the first of the two instances of "other acts" occurred within a few minutes prior to the offense for which defendant was on trial. The State's evidence was that defendant was restrained when Diane was picked up off the floor and that the 911 call was to be made as a result. In State v. Roe (1989), 41 Ohio St.3d 18, 23, the Ohio Supreme Court recognized that:
 [E]vidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged." (citations omitted)
Here, the testimony with regard to defendant's violent behavior towards those people restraining him tends to explain the circumstances surrounding the incident on trial and may be presented. However, the testimony of the other act following his arrest had no relevance to the charge of this case. While such evidence was not admissible, we must note that it appears from the trial transcript that the court did not actually consider this in reaching its judgment. Since the trial court acted as the factfinder and is presumed to have considered only admissible evidence, see State v. Eley (1996), 77 Ohio St.3d 174, 187, we cannot say its admission prejudiced the defendant.
Defendant also asserts that defense counsel improperly cross-examined Bonita to emphasize the defense of self-defense when defendant himself presented accident as a defense. After eliciting the fact that Bonita had been holding a pool cue, the questioning by defense counsel attempted to challenge the credibility of this witness' response to the prosecutor's questions on whether she had any sort of weapon.
Defendant additionally asserts that defense counsel expressed confusion when he referred to Bonita as "Diane" while questioning the bartender about the struggle at the pay phone. He argues this then led to the trial judge's confusion and reduced counsel's persuasiveness with the judge. When the trial judge questioned defendant on that apparent conflict, defense counsel informed the court that he had meant instead to say Bonita in the questioning about the struggle at the pay phone. During rebuttal, defense counsel then cross-examined Bonita in an effort to clarify that questioning. The trial court likewise questioned Bonita. When examined within the context of the entire record of the trial, we are not persuaded defendant was rendered ineffective assistance of counsel through counsel's confusion over names or as the result of defense questioning of Bonita regarding the pool cue.
Defendant also argues that defense counsel failed to object to Patrolman Keiffer's testimony regarding what Bonita had told him occurred at the bar. Defendant believes that this inquiry tended to cause the trial court to assign extra credibility to Bonita's testimony. Defendant also argues that counsel did not object to the patrolman testifying beyond the scope of questioning as he relayed facts concerning defendant's brother. However, even assuming that the admission of the evidence can be shown to be error, we cannot say that this testimony influenced the outcome of the court's decision as the trial court is presumed to be capable of disregarding inadmissible evidence.
Further, defendant contends that counsel was ineffective because he failed to move for a Crim.R. 29 acquittal. However, based on the evidence in the record and the ultimate decision of the trial court as trier of fact, we cannot find that counsel's failure to move for a Crim.R. 29 acquittal actually prejudiced the defendant.
Defendant also contends that defense counsel was ineffective in failing to move for exclusion of Bonita's testimony as a rebuttal witness due to her presence in the courtroom during the testimony of the other witnesses. At defense counsel's request, the trial court ordered a separation of witnesses. Bonita was the first witness to testify and was allowed to sit at the table with the prosecutor during the trial. The record in this case reflects that she testified only briefly as the State's rebuttal witness and merely reconfirmed what the trial court had already heard when she testified during the State's case-in-chief. Thus, we can find no prejudice to the defendant by the presentation of her testimony.
Defendant further contends that defense counsel was ineffective in cross-examining the State's witnesses. A review of the transcript indicates that defense counsel attempted to attack Bonita's credibility at trial. Counsel cross-examined the bartender in an effort to reflect doubt on what she could have seen from behind the bar and attempted to establish that defendant was holding onto the pay phone when Bonita approached him. Accordingly, defendant has not established that counsel's performance was ineffective.
Finally, defendant contends that errors made by defense counsel in the appeal of the instant case corroborate counsel's ineffectiveness. However, as already discussed in this opinion, defendant has not shown that he was deprived of the effective assistance of counsel.
Accordingly, defendant's sole assignment of error is overruled and his conviction and sentence is affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.