DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Miloje Pantic, appeals his conviction for grand theft in the Summit County Court of Common Pleas. We affirm.
Defendant befriended Douglas Deans, owner of Built Rite Windows, when Deans installed new windows in Defendant's home during the summer of 1996. As their friendship grew, Deans began to look to Defendant as a surrogate father. When they spoke, Defendant often referred to "connections" he had in the City of Akron government. It was one such conversation about his connections that led to the events underlying this appeal.
Deans is an avid baseball fan. During the early fall of 1996, Defendant allegedly approached Deans and informed him that for a down payment of $7,000 he could purchase a loge at Canal Park Stadium, which was then under construction in Akron. Excited at the prospect of using a loge to entertain prospective clients, Deans gave Defendant two checks totaling $7,000. Each check indicated that it was in payment for a baseball loge. Defendant endorsed and deposited each check.
After several months elapsed, Deans became concerned about progress on the loge. Defendant evaded his questions and insisted that the deed to the loge would be delivered. At one point, Defendant traveled to his homeland of Yugoslavia on business. While he was abroad, Deans contacted the Akron Aeros to inquire about the status of his loge. He was informed that there was no loge in his name, but that most loges were subleased so that a search by owner might not reflect the loge that was to be his. Deans continued to ply Defendant with questions about the loge. Defendant assured him that he would have the deed by opening day in May.
Opening day came and went. Defendant informed Deans that disputes between city government and the team about loge payment money had delayed the transaction, but that his loge would be available later in the season. On May 12, 1997, Deans traveled with Defendant to Belgrade to pursue a business opportunity. While in Belgrade, Deans confronted Defendant about the loge once more. After their return to the United States, Deans contacted the Akron Police department to pursue charges against Defendant.
On October 14, 1997, Defendant was indicted on one count of grand theft, a violation of R.C. 2913.02(A) (3). He was convicted following a jury trial, sentenced to five years of community control, and ordered to pay restitution in the full amount of $7,000. Defendant timely appealed, raising three assignments of error.
ASSIGNMENT OF ERROR I
 The jury verdict finding [Defendant] guilty of one count of theft was against the manifest weight of the evidence in that it was unsupported by substantial credible evidence.
In his first assignment of error, Defendant has argued the evidence at trial was insufficient to support a conviction and that his conviction was against the manifest weight of the evidence. As an initial matter, there is no indication in the record that Defendant moved the trial court for acquittal pursuant to Crim.R. 29. Accordingly, he cannot challenge the sufficiency of the evidence underlying his conviction on appeal. See State v.Roe (1989), 41 Ohio St.3d 18, 25; State v. Hall (Mar. 3, 1999), Medina App. No. 2770-M, unreported, at 3. Further, Defendant has not identified those portions of the record which support the contention that his conviction was against the manifest weight of the evidence. An appellate court may disregard an assignment of error if the appellant fails to identify supporting portions of the record. See App.R. 12(B) and 16(A). "It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error." Cardone v. Cardone
(May 6, 1998), Summit App. Nos. 18349 and 18673, unreported, at 22. Nonetheless, we address this argument in the interest of justice.
In determining whether a conviction was against the manifest weight of the evidence, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. In effect, an appellate court that overturns a jury verdict as against the manifest weight of the evidence acts as a "thirteenth juror," setting aside the resolution of evidence and testimony as found by the trier of fact. State v. Thompkins (1997), 78 Ohio St.3d 380,387. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. State v.Otten, 33 Ohio App.3d at 340.
Defendant was convicted of one count of grand theft in violation of R.C. 2913.02(A) (3), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * by deception[.]" At trial, Deans testified that Defendant had offered to use his connections to arrange the purchase of the loge; that he had given Defendant checks totaling $7,000 as a down payment; and that Defendant eventually confessed to him that he had used the money for another purpose. Checks for $2,000 and $5,000, made payable to Defendant for down payment on the loge and endorsed by him, were presented as exhibits. Mr. Dale Pinzer, an associate of Deans, testified that he had witnessed conversations between the two men regarding the loge. He also recalled a conversation in which Defendant stated that he needed the money to purchase medicine. Defendant testified that he did not offer to secure a loge for Deans and that, in fact, he did not know what a loge was at the time. He maintained that the checks given to him by Deans were to cover business expenses and a trip to Yugoslavia in 1997.
"[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Although Defendant's testimony contradicted the evidence produced by the State, a review of the record indicates that this is not the exceptional case in which the weight of the evidence warrants a new trial. Accordingly, Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court erred by not providing the Defendant with a translator throughout the course of the trial, even after several language issues arose or, in the alternative[,] by failing to declare a mistrial.
In his second assignment of error, Defendant has argued that the trial court incorrectly failed to appoint a translator during the trial. We disagree.
A criminal defendant is entitled to hear the proceedings in a language he can understand. State v. Pina (1975), 49 Ohio App.2d 394,399. Defendant was born in Yugoslavia, but has been a resident of the United States for almost twenty years. He has been a citizen for approximately ten years. The overwhelming balance of the record in this case indicates that Defendant was able to understand and to respond to questions from counsel and from the court. There is no indication that he was unable to understand the proceedings. While he has pointed to several instances of apparent confusion in support of this alleged error, the context of each reveals that any confusion was more properly attributable to counsel's inartful questioning than Defendant's command of the English language. Defendant's second assignment of error is overruled.
ASSIGNMENT OF ERROR III
 The Defendant's attorney was ineffective in her representation of Defendant.
In his final assignment of error, Defendant has argued that he was denied the effective assistance of trial counsel because (1) counsel failed to request a translator; (2) she "testified against him and destroy[ed] his defense"; and (3) she failed to present expert testimony crucial to his defense.
Appeals based on ineffective assistance of counsel are governed by a standard of objective reasonableness. Strickland v.Washington (1984), 466 U.S. 668, 688, 80 L.Ed.2d 674, 693-94;State v. Bradley (1989), 42 Ohio St.3d 136, 142. Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" Strickland v. Washington,466 U.S. at 687, 80 L.Ed.2d at 693. The defendant must demonstrate prejudice by showing that but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694, 80 L.Ed.2d at 698. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689, 80 L.Ed.2d at 694.
This court will not second-guess the strategy decisions of trial counsel. See State v. Mason (1998), 82 Ohio St.3d 144, 157. The decision of trial counsel with respect to whether expert testimony should be presented is one such strategic choice. Statev. Coleman (1989), 45 Ohio St.3d 298, 307-08. Defendant has argued that trial counsel acted unreasonably in failing to call an expert to testify as to Yugoslavian business practices. Affording counsel the strong presumption that she acted reasonably, we find no error in this respect. Similarly, Defendant's allegation that trial counsel testified against him and inhibited his defense is meritless. The record reveals that trial counsel questioned Defendant as to the date of a trip to Yugoslavia in 1997. Counsel then informed the court that she was unable to offer Defendant's passport as evidence of the date because he had not been willing to surrender the document. Assuming, arguendo, that there was some error in counsel's statement, we are unable to discern the prejudice to Defendant. Finally, as discussed above, there is no merit to Defendant's argument that a translator should have been provided at trial. Defendant's final assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
BATCHELDER, J.
CONCUR