This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Fred Riley, appeals from his convictions for possession of cocaine and illegal use or possession of drug paraphernalia in the Summit County Court of Common Pleas. We affirm.
On February 14, 2001, the Summit County Grand Jury indicted Defendant on two separate counts: (1) possession of cocaine, in violation of R.C.2925.11(A); and (2) illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). A jury found Defendant guilty on both counts. Following the jury's verdict, the trial court sentenced him accordingly. Defendant timely appealed raising one assignment of error for review.
 Assignment of Error THE CONVICTION OF [DEFENDANT] FOR THE POSSESSION OF CRACK COCAINE AND FOR POSSESSION OF DRUG PARAPHERNALIA IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.
In his sole assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that his convictions for possession of crack cocaine and possession of drug paraphernalia were based on insufficient evidence and against the manifest weight of the evidence. Defendant's assignment of error lacks merit.
Initially, we note that the record fails to indicate that Defendant moved the trial court for an acquittal in accordance with Crim.R. 29. Therefore, Defendant cannot challenge the sufficiency of the evidence underlying his conviction on appeal. See State v. Roe (1989),41 Ohio St.3d 18, 25; State v. Hall (Mar. 3, 1999), Medina App. No. 2770-M unreported, at 3.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Defendant was found guilty of possession of drugs, in violation of R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Additionally, Defendant was found guilty of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). R.C. 2925.14(C)(1) provides that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."
In the instant case, Defendant's argument focuses on whether he knowingly "possessed" the crack cocaine and the crack pipe that were found on the floor on the driver's side of the vehicle. Specifically, Defendant contends that his convictions should be reversed because the State did not prove that he "possessed" the crack cocaine or the crack pipe. However, we find that there was ample evidence presented at trial to show that Defendant possessed the crack cocaine and the crack pipe.
"Possession may be actual or constructive." State v. Kobi (1997),122 Ohio App.3d 160, 174. Nevertheless, the fact that the defendant is in the vicinity of contraband is not sufficient to support the element of possession. State v. Pruitt (1984), 18 Ohio App.3d 50, 58. Constructive possession results when the defendant was able to exercise dominion or control over the drugs. State v. Wolery (1976), 46 Ohio St.2d 316, 329. Moreover, readily usable drugs found in close proximity to the defendant are deemed circumstantial evidence, which supports the conclusion that the defendant was in constructive possession of the drugs. Kobi,122 Ohio App.3d at 174. Circumstantial evidence is sufficient to support the element of constructive possession. State v. Jenks (1991),61 Ohio St.3d 259, 272-73.
At trial, Detective Jones testified that there had been numerous complaints of open-air drug sales in the North Hill area. As a result of these complaints, Detective Jones patrolled this area, and, on February 5, 2001, he saw a male approach a 1988 Oldsmobile Toronado and make what he believed to be a drug transfer. Although Detective Jones did not see the drugs exchange hands, he did see the money transfer between the male and the driver of the vehicle.
Officer Simcox testified that Defendant was the driver of the Toronado and, while in pursuit, he saw Defendant lean forward in the car. Officer Simcox explained that this forward lean was "real[ly] consistent" with people hiding weapons, contraband, or drugs under the seat. Further, Officer Simcox testified that after he approached the vehicle, he saw a two-inch crack pipe on the floor between Defendant's feet. Lastly, Officer Simcox declared that Defendant made the following statements: (1) he could make drug buys to assist the police in apprehending additional individuals; (2) he and his passenger went out to buy crack cocaine on February 5, 2001; (3) he bought a $20.00 rock of crack cocaine that day; and (4) he was en route to the park to smoke the crack cocaine.
Detective Williams testified that he saw two crack pipes in plain view and found a rock of crack cocaine on the floor on the driver's side of the vehicle. He noted that there was a lot of garbage on the floor of the vehicle. Detective Williams also stated that Defendant admitted that the crack pipe belonged to him, but failed to include Defendant's admission in his police report. On cross-examination, Detective Williams acknowledged that the passenger could have thrown the rock of crack cocaine onto Defendant's side of the vehicle.
Officer Eckart testified that Defendant offered to work undercover and make drug buys to aid the police in apprehending various individuals. Additionally, Officer Eckart remarked that Defendant's posture in the vehicle resembled someone who was trying to stuff or hide something under his seat.
Defendant did not present any evidence and rested following the State's case. However, Defendant argued that the State's witnesses were not credible. As such, Defendant asserted that the evidence did not support his alleged possession of the crack cocaine and the crack pipe.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of possession of cocaine and illegal use or possession of drug paraphernalia. Accordingly, Defendant's sole assignment of error is overruled.
Defendant's assignment of error is overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, J., CARR, J. CONCUR.