OPINION
Anthony Gamble is appealing from his conviction by a jury of aggravated robbery with a firearm specification. He was sentenced to a prison term of nine years for aggravated robbery, consecutive to a three year prison term for the firearm specification. On appeal, he brings to this court the following three assignments of error:
 "1. THE EVIDENCE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT HAD A FIREARM IN HIS POSSESSION.
 "2. THE GUN SPECIFICATION SET FORTH IN THE INDICTMENT WAS NOT STATED IN THE FORM REQUIRED BY REVISED CODE § 2941.145.
 "3. THE EVIDENCE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT HAD A DEADLY WEAPON."
We will discuss the first and third assignments of error together as they raise essentially the same issue. First, we note that the appellant failed to file a Crim.R. 29 motion for acquittal at the close of the State's case and did not, therefore, renew it at the close of all evidence. He has, therefore, waived his sufficiency argument on appeal.State v. Roe (1989), 41 Ohio St.3d 18. We will, however, proceed under the plain error analysis pursuant to Crim.R. 52(B). State v. Wickline
(1990), 50 Ohio St.3d 114. Plain error does not exist unless it could be said that, but for the error, the outcome of the trial clearly would have been otherwise. Id.; State v. Long (1978), 53 Ohio St.2d 91.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of a defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259.
Under R.C. 2941.145(A), a defendant may have an additional three year prison term added to his sentence if the jury finds a specification, previously stated in the indictment, "that the offender had a firearm on or about his person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated the offender possessed the firearm, or used to facilitate the offense." InState v. Thompkins, (1997), 78 Ohio St.3d 380, the Supreme Court of Ohio held that:
 "A firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm."
In Thompkins, the defendant committed a robbery using a gun, and while he did not make any explicit verbal threat to use it, the following did occur:
 "[Thompkins] had in his hand a black gun that appeared to her [the victim] to be an automatic; that she was frightened; that Thompkins advised her that it was a `holdup'; that while she was taking the money from the cash register, Thompkins said `quick, quick'; [and] that prior to fleeing from the scene, Thompkins instructed her not to call the police for ten minutes[.]" Id. at 382.
The Ohio Supreme Court held that "[e]ven absent any explicit verbal threats on the part of Thompkins, the trier of fact in this case could have reasonably concluded, based on the totality of the circumstances, that Thompkins was in possession of a firearm at the time of the offense, that is, a deadly weapon capable of expelling projectiles by an explosive or combustible propellant." Id. at 383. "[I]t should be abundantly clear that where an individual brandishes a gun and implicitly but not expressly threatens to discharge the firearm at the time of the offense, the threat can be sufficient to satisfy the state's burden of proving that the firearm was operable or capable of being readily rendered operable." Id. at 384.
In the case sub judice the defendant committed a robbery while physically brandishing a weapon which the victims identified as a gun, and both of them were frightened by it and felt threatened and afraid.
We find that under the rule of Thompkins, there is more than sufficient evidence presented to support the firearm enhancement specification. The gun could be assumed to be operable under the circumstances of this case, and it was certainly used to enhance the defendant's purpose of robbery. The first and third assignments of error are overruled.
In the second assignment of error, the defendant challenges the wording of the firearm specification in the indictment. The language required for a firearm specification and indictment is set forth in R.C.2941.145(A):
 "The specification shall be stated at the end of the body of the indictment * * * and shall be stated in substantially the following form:
 "`SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense).'"
The indictment does not have to include allegations not essential to be proved. Crim.R. 7(B). The indictment here followed the language of the statue except it deleted the phrase "or under the offender's control." At trial, the State intended to prove that the defendant physically had the gun on his person during the commission of the aggravated robbery offense, and, therefore, the omission of the alternative language that he had the firearm under his control was unnecessary in the indictment. Furthermore, if any error occurred, it was harmless under Crim.R. 52(A) because the defendant has not claimed that the omission of these words prejudiced him as to his notice of the charge against him or in his preparation for trial. The second assignment of error is overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.