OPINION
Shortly after 12 p.m. on February 2, 1999, Samuel Feldman, a detective with the Columbus Police Department, was conducting surveillance in an alley south of East Main Street and east of Wilson Avenue. From his surveillance position behind a dumpster, Detective Feldman (through binoculars) observed a vehicle enter the alley and stop. Defendant was seated in the front passenger seat of the vehicle. An unidentified man approached the vehicle and leaned into the driver's side window. The man retrieved a small cellophane "baggie" from his pocket containing a white rock-like substance Detective Feldman suspected to be crack cocaine. The driver (James Fields), defendant and the unidentified man engaged in conversation until one of the three noticed Detective Feldman. At that point, the man tossed the "baggie" through the window into defendant's lap and attempted, unsuccessfully, to dive headfirst into the vehicle through the driver's side window.
Detective Feldman got into his cruiser and began following the vehicle, which by this time was speeding eastbound through the alley. Detective Feldman activated his overhead beacons and pulled the vehicle over to the curb. Before exiting his cruiser, Detective Feldman observed defendant "making some furtive gestures, moving around in her seat with her arms coming back behind her, fidgeting like she was possibly concealing something." (Tr. 20.) Detective Feldman removed Fields from the vehicle and placed him in the cruiser. A backup officer who had arrived at the scene removed defendant from the vehicle and placed her in his cruiser.
Upon conducting a search of the vehicle, the officers discovered a small cellophane "baggie" wedged in the fold of the passenger seat directly behind where defendant had been seated. The "baggie" contained a substance which was later identified as powder cocaine. Defendant and Fields were both arrested. Defendant was charged with possession of cocaine; Fields was charged with permitting drug abuse.
As a result of these events, the Franklin County Grand Jury returned a one-count indictment against defendant, charging her with possession of cocaine in violation of R.C. 2925.11(A).
Defendant testified on her own behalf at trial. Defendant testified that she resides in Nelsonville, Ohio and came to Columbus on February 2, 1999, to transact some business at a Bureau of Motor Vehicles ("BMV") office. Because she was unfamiliar with Columbus, she asked an acquaintance (Fields) to drive her. After defendant finished her business at the BMV, Fields told her he wanted to show her an apartment he was considering for rental purposes. As he drove down an alley on the way to the apartment, two men approached the vehicle. Fields slowed down to talk to them. One of the men gave Fields what looked to defendant like a piece of "dirty gravel." (Tr. 46.) Defendant later learned that the "dirty gravel" was crack cocaine. (Tr. 46.) Shortly thereafter, one of the men said "Oh, man." (Tr. 46.) Fields looked in his rearview mirror and saw Detective Feldman. As Detective Feldman approached the vehicle, Fields ate the crack cocaine. Fields then reached into his pocket and tossed something behind the passenger seat onto the floorboard. Fields and defendant drove away from the scene, but were eventually apprehended by Detective Feldman.
Defendant further testified that upon conducting a search of the vehicle, the police discovered a bag of powder cocaine on the floorboard behind the passenger seat. When asked about Detective Feldman's testimony with regard to her "furtive gestures," defendant admitted that she was "jiggling around [in her seat]," but explained that she was doing so in an effort to find out what was happening as the two men approached the vehicle.
The jury found defendant guilty of possession of cocaine. By judgment entry filed June 15, 1999, the trial court imposed a one-year period of community control. Defendant has timely appealed and assigns the following two errors for our review:
 [1.] The judgment of the trial court is not supported by sufficient evidence.
 [2.] The judgment of the trial court is contrary to the weight of the evidence.
By her assignments of error, defendant asserts that there was insufficient evidence to demonstrate that she knowingly possessed the cocaine found in the vehicle and that the jury's verdict was against the manifest weight of the evidence. Initially, we note that defendant failed to move for judgment of acquittal under Crim.R. 29(A) at the close of the state's case and at the close of all the evidence. Accordingly, defendant waived any error regarding the sufficiency of the evidence because she failed to preserve her arguments on appeal. State v. Roe (1989),41 Ohio St.3d 18, 25.
Assuming, arguendo, that defendant had properly made a Crim.R. 29(A) motion, we find sufficient evidence to uphold defendant's conviction. Moreover, we find that the jury's verdict was not against the manifest weight of the evidence.
"Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. * * *" State v. Smith (1997),80 Ohio St.3d 89, 113, following State v. Thompkins (1997),78 Ohio St.3d 380, 386. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Clemons (1998), 82 Ohio St.3d 438, 444, followingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact."Clemons, supra.
By contrast, in order for an appellate court to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Thompkins, supra, at 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193. ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.") Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Defendant was convicted of possession of cocaine in violation of R.C. 2925.11. R.C. 2925.11 provides, in relevant part, as follows:
 (A) No person shall knowingly obtain, possess, or use a controlled substance.
* * *
 (C) Whoever violates division (A) of this section is guilty of one of the following:
* * *
 (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. * * *
In this case, there is no contention that defendant obtained or used cocaine, only that defendant possessed cocaine.
"Possession" is defined in R.C. 2925.01(K) as follows:
 "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
It is well-established that possession of a controlled substance may be actual or constructive. State v. Mann (1993),93 Ohio App.3d 301, 308. A person has "actual possession" of an item when it is within her immediate physical possession. Statev. Riggs (Sept. 13, 1999), Washington App. No. 98CA39, unreported. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession."State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. In the instant case, since the cocaine was not found on defendant's person, the state was required to establish that defendant constructively possessed it.
This court has acknowledged that the mere presence of an individual in the vicinity of illegal drugs is insufficient to support the element of possession. In re Farr (Nov. 9, 1993), Franklin App. No. 93AP-201, unreported. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Moreover, the discovery of readily usable drugs in close proximity to a person constitutes circumstantial evidence to support the conclusion that the person was in constructive possession of the drugs. Id. Further, circumstantial evidence alone is sufficient to support the element of constructive possession. Id. "All that is required for constructive possession is some measure of dominion or control over the drugs in question, beyond mere access to them." Id.
Defendant contends that the state did not establish beyond a reasonable doubt that she possessed the cocaine discovered in the vehicle under either the state's or her own version of the events of February 2, 1999. More specifically, defendant contends that even under the state's version of the facts, she did not exercise "meaningful" control over the cocaine sufficient to establish possession in the brief period between the time the unidentified man tossed the cocaine onto her lap and she and Fields were stopped by Detective Feldman. Defendant's argument suggests that she was merely an innocent passenger in the vehicle and that the cocaine was tossed onto her lap without her consent or involvement. Defendant's contention ignores, however, Detective Feldman's testimony that after the cocaine was tossed onto defendant's lap, she made furtive movements consistent with those of an individual attempting to hide contraband in the seat of the car. Furtive movements in the vicinity of where drugs are discovered is probative of dominion and control. Id. The jury was free to disbelieve defendant's attempts to explain away her furtive movements. Furthermore, Detective Feldman testified that the cocaine was recovered from the fold of the seat directly behind where defendant was seated.
Moreover, we are unpersuaded by defendant's attempt to disprove dominion and control by placing potential responsibility for the cocaine upon Fields. Under defendant's version of the events, it was Fields who possessed the cocaine and attempted to conceal it from Detective Feldman by tossing it onto the floorboard behind the passenger seat. However, Detective Feldman did not observe Fields make any unusual movements or furtive gestures suggesting that he may have tossed the cocaine onto the floorboard behind the passenger seat. Moreover, the cocaine was discovered in the fold of the passenger seat, not on the floorboard as defendant testified.
The Ohio Supreme Court has held that "[o]n the trial of a case, either civil or criminal, the weight to be given evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. It is also the jury's function to make those inferences reasonably supported by the evidence. Statev. Vondenberg (1980), 61 Ohio St.2d 285, 288.
Upon review, we find that the evidence presented at trial was sufficient to support a finding by a rational trier of fact that defendant did, in fact, knowingly possess the cocaine recovered from the vehicle. Further, we find that the jury's verdict was not against the manifest weight of the evidence, as sufficient competent, credible evidence was presented to permit reasonable minds to find defendant guilty beyond a reasonable doubt. Accordingly, defendant's assignments of error are overruled.
Having overruled both of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
 __________________ PETREE, J.
KENNEDY, J., concurs, TYACK, J., concurs separately.