OPINION
Defendant, Sheri Knapp, appeals from her conviction and sentence for domestic violence, R.C. 2919.25(A).
In the early morning hours of May 14, 2000, Sheri* became engaged in a domestic dispute with her husband, Gary Knapp, in a hotel room. The dispute extended into the hotel parking lot. Gary eventually requested that bystanders, who happened to be outside grilling on or near the hotel premises, call the police.
Officer Mark Morgan arrived in a matter of minutes. Officer Morgan spoke first to Sheri, who alleged that Gary had beaten her and should be arrested. Officer Morgan then spoke to Gary, and noticed that Gary had numerous lacerations on his face. Gary informed Officer Morgan that Sheri had attacked him, and that she had caused the scratches on his face. Gary's version of the events was corroborated by bystanders who witnessed the altercation. Officer Morgan determined that Sheri was the primary aggressor, and he arrested her and charged her with domestic violence.
Sheri was tried in a bench trial and was found guilty of domestic violence, R.C. 2919.25(A). Sheri was sentenced to a six-month suspended sentence, one year of probation, and a fine of $1000.00. From her conviction and sentence Sheri filed timely notice of appeal. She presents one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS IN ACCORDANCE WITH THE U.S. CONSTITUTION, FOURTEENTH AMENDMENT, IN FINDING THE DEFENDANT GUILTY AS SAID FINDING WAS: A) AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND B) THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A GUILTY VERDICT; AND C) THE STATE FAILED TO PROVE ITS' [sic] CASE BEYOND A REASONABLE DOUBT. (Emphasis in original).
We construe the assignment of error to challenge both the weight and the sufficiency of the evidence that supported Sheri's guilty verdict. We will not directly address the reasonable doubt issue, because that standard is implicit in both issues.
"The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380. When an appellate court addresses a claim of error based on the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
After reviewing the evidence, we agree with the trial court's resolution of the conflicting testimony. The trial court based its decision on the testimony of one of the bystanders, Gregory Sears, who corroborated Gary's testimony. In her brief, Sheri essentially argues the case again to this court by questioning Sears' credibility and offering theories regarding why his testimony may have been unreliable. However, we remind the appellant that a court of appeals must be especially cautious when substituting our judgment for that of the trier of fact, who has seen and heard the witnesses, as to the credibility of a witness. State v. Richards (May 8, 1998), Montgomery App. No. 16797, unreported; State v. Lamore (December 4, 1998), Montgomery App. No. 17145, unreported.
Our review of the evidence demonstrates that the decision of the trial court was well-grounded in fact and law. We cannot say that the trial court lost its way or created a manifest miscarriage of justice by convicting Sheri of domestic violence. Therefore, the claim of error based on the manifest weight of the evidence fails.
Second, Sheri also argues that the trial court erred by finding her guilty because the State failed to present sufficient evidence.
In essence, a sufficiency of the evidence inquiry is a test of adequacy: whether the state has presented adequate evidence on each element of the crime to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Hawn (2000), ___ Ohio St.3d __ ((June 20, 2000) Montgomery App. No. 17722) (citing Thompkins, supra).
The proper test to apply to a sufficiency of the evidence challenge is set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Sheri failed to timely file a Crim.R. 29 motion for acquittal at the close of the State's case and therefore waived a sufficiency argument on appeal. State v. Roe (1989), 41 Ohio St.3d 18. We will, however, proceed under plain error analysis pursuant to Crim.R. 52(B). State v. Wickline (1990), 50 Ohio St.3d 114. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. Id.; State v. Long (1978), 53 Ohio St.2d 91.
Sheri was charged with a violation of R.C. 2919.25(A). The elements of that crime are: 1) to knowingly; 2) cause or attempt to cause physical harm; 3) to a family or household member. Katz Giannelli, Ohio Criminal Justice (2000), A-32, Elements of Crimes. Sheri argues that the State did not present sufficient evidence to prove that she acted "knowingly."
R.C. 2901.22(B) states that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." (Emphasis added). Sheri admitted that she caused the scratches on Gary's face. Sheri's defense, that she scratched Gary's face by accident while trying to shake loose from his grasp, or while she was grabbing for her keys, is unavailing. Regardless of her purpose, she knew or should have known that swiping at her husband's face with her hand would probably produce injuries to his face of the kind that resulted.
The evidence presented by the State, if accepted as true, demonstrates that Sheri and Gary were engaged in a domestic dispute, during which Gary suffered lacerations on his face. Gary testified that Sheri was the aggressor, and a bystander corroborated his testimony regarding the altercation. Therefore, the State presented sufficient evidence regarding the first element: that Sheri had knowingly caused Gary's injuries. The second and third elements of the crime, whether Sheri caused the scratches and whether the harm was caused to a member of her household, are undisputed.
We have reviewed the evidence in the light most favorable to the prosecution and have found that the trier of fact could reasonably conclude that all essential elements of the crime were proved beyond a reasonable doubt. Therefore, we find that the trial court did not commit plain error in convicting Sheri based on the evidence presented.
 Conclusion
Having overruled the assignment of error presented, we will affirm the judgment from which this appeal was taken.
FAIN and YOUNG, JJ., concur.
* For purposes of economy and clarity, the defendant and the victim will be identified by their first names.