DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kazimier M. Joziuk, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On June 9, 2005, Deltrece Hart, the victim in the instant case, borrowed a jack from Appellant and used his driveway to change the oil in her car. During this time, Appellant and Hart had a conversation about Appellant cutting down some trees for Hart. Subsequently, Hart went home and then across the street where some neighbors, including Appellant, were gathered. There was alcohol at the gathering, but Hart did not drink anything. Appellant brought a can of blue spray paint to the gathering so that Hart could identify which trees she wanted cut down. Hart went back to her residence to mark the trees, then rejoined the party. After the gathering broke up, Hart went back to her residence and began to prune some trees. Soon after, Appellant arrived and informed Hart that he and his girlfriend had had a fight and he needed to leave the house. Appellant and Hart sat on the front porch and talked. Hart, concerned that Appellant was not stable on his feet, drove Appellant in his car to a gas station to buy cigarettes. After driving around, Hart drove Appellant's car back toward their homes and parked it in front of her residence. She went inside, locked the doors, and went to sleep. In the early morning hours of June 10, 2005, Hart awoke to find Appellant standing over her in her bedroom. Hart was able to escape the room and go to the kitchen, where Appellant attempted to strangle her. She then ran outside and Appellant chased her. Eventually, after knocking on several doors, Hart hid in a neighbor's garage. Several minutes later, having left the garage, Hart called 911 from a friend's phone and the police arrived. Hart and the police went back to her residence and found that her phone and cable lines had been cut and there was a white lawn chair positioned underneath her kitchen window, which was damaged. Hart identified Appellant to the police as the man who was in her bedroom. The police went to Appellant's home where they found him asleep. Police noticed a white chalk-like substance on both of Appellants knees that they believed to be from the window in Hart's home. He also had a long, red scrape mark on his abdomen and smelled like alcohol. The police then arrested Appellant.
 {¶ 3} On June 14, 2005, Appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1). Appellant pled not guilty and a jury trial commenced on November 16, 2005. At the close of the State's case, Appellant unsuccessfully moved for a Crim. R. 29(A) motion for acquittal. The jury convicted Appellant of aggravated burglary and Appellant was sentenced to six years in prison. Appellant filed a timely notice of appeal, raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"APPELLANT'S CONVICTION OF AGGRAVATED BURGLARY WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In his first assignment of error, Appellant argues that his conviction was contrary to the manifest weight of the evidence. We do not agree.
 {¶ 5} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 6} In support of his contention that his aggravated burglary conviction was against the manifest weight of the evidence, Appellant asserts that there were conflicts in evidence and testimony and that the testimony of the witnesses contained internal contradictions. Further, Appellant contends that the evidence at trial does not support the finding that Appellant broke into the Hart residence.
 {¶ 7} Appellant does not point this Court to any specific evidence in the record to support these contentions. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor
(Feb. 9, 1999) 9th Dist. No. 2783-M, at *3. See also, App. R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60. This Court may disregard arguments if Appellant fails to identify the relevant portions of the record upon which the errors are based. See App.R. 12(A)(2). See also, Smith v.Akron Dept. of Public Health, 9th Dist. No. 21103, 2003-Ohio-93. Appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his arguments in support.Angle v. Western Reserve Mut. Ins. Co. (Sept. 19, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7). As Appellant's argument fails to comply with the foregoing appellate rule requirements, he has failed to meet his burden on appeal. We are unable to conclude that the trial court erred and we find that Appellant's assignment of error is without merit.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE AGGRAVATED BURGLARY CHARGE FOLLOWING THE CONCLUSION OF THE STATE'S CASE."
 {¶ 8} In Appellant's second assignment of error, he challenges the sufficiency of the evidence produced against him at trial. We begin by noting that a criminal defendant must enter a timely Crim.R. 29 motion for acquittal in order to preserve the issue for appellate review. State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, citing State v. Roe (1989),41 Ohio St.3d 18, 25. In addition, a
"defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." Jaynes, at ¶ 7, quoting Statev. Miley (1996), 114 Ohio App.3d 738, 742.
 {¶ 9} A careful review of the record indicates that Appellant moved for acquittal pursuant to Crim.R. 29 at the close of the State's case in chief. The trial court denied the motion. Appellant then presented two witnesses in his defense. After resting, however, Appellant failed to renew his Crim.R. 29 motion for acquittal. Therefore, Appellant has waived any challenge to the court's denial of his motion for acquittal. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"WHETHER TRIAL COUNSEL'S REPRESENTATION WAS DEFICIENT AND AFFECTED THE OUTCOME OF THE CASE."
 {¶ 10} In his final assignment of error, Appellant claims trial counsel was ineffective. We disagree.
 {¶ 11} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described inStrickland v. Washington (1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141; State v.Lytle (1976), 48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397, vacated in part on other grounds. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 446 U.S. at 687. Additionally, debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 12} In support of his final assignment of error, Appellant contends that his trial counsel was ineffective because he failed to make a Crim.R. 29 motion with regard to his aggravated burglary charge, as the State did not prove all of the necessary elements of aggravated burglary. Appellant does not point to any evidence in the record to support the contention that the State did not prove all the elements of aggravated burglary, see App.R. 16(A)(7), and thus has not demonstrated that the result of his trial would have been different but for the alleged errors of his trial counsel. Appellant's final assignment of error is overruled.
 III. {¶ 13} Appellant's three assignments of errors are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Boyle, J., concur.