OPINION *Page 2 
{¶ 1} Defendant-appellant Christopher W. Larsen appeals his conviction in the Tuscarawas County Court of Common Pleas on two counts of rape, in violation of R.C. 2907.02(A)(1)(c) and (A)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} At the time in question, Appellant worked as a caregiver to the alleged victim, a 34 year-old with cerebral palsy confined to a wheelchair. The victim is unable to walk or talk, and is unable to take care of himself. The victim's mother hired Appellant to care for her son while she was away from the home at work.
 {¶ 3} On September 27, 2005, Appellant was alone in the home caring for the victim. When the victim's mother returned home she discovered the victim had a rug burn or abrasion on his left cheek. When questioned, Appellant told her the victim had been bad, and Appellant had to sit on him. The victim's mother noticed her son in his room shaking his head "no" in response to Appellant's statements. The victim became very emotional and upset, pointing to his penis and rectum, while crying.
 {¶ 4} Once Appellant left the home, the victim continued to be upset and repeatedly pointed to his penis and rectum. When asked what happened, the victim would raise his hand demonstrating being slapped by Appellant, having his hair pulled and being punched in the stomach.
 {¶ 5} Appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(1)(c) and (A)(2). Evidence introduced at trial alleged Appellant compelled the victim by physical force to engage in sexual conduct. Forensic analysis revealed semen found in the area high and around the victim's rectal cavity matched a DNA *Page 3 
swab taken from Appellant. Dr. Johnson, an emergency room physician from Union Hospital, testified relative to his examination of the victim on the date in question, and his conclusions resulting therefrom. Dr. Johnson testified he took the anal swab which proved to match the DNA specimen obtained from Appellant.
 {¶ 6} The jury found Appellant guilty on both counts. The State conceded the charges were allied offenses, and the trial court sentenced Appellant on the first count, imposing a ten year prison term. The trial court designated Appellant a sexual predator.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN CONDUCTING INTERVIEWS WITH THREE JURORS IN THE ABSENCE OF THE DEFENDANT.
 {¶ 9} "II. THE TRIAL COURT ERRED IN PRESIDING OVER A MISTRIAL MOTION ARGUMENT IN THE ABSENCE OF THE DEFENDANT.
 {¶ 10} "III. THE TRIAL COURT ERRED IN PRESIDING OVER A DISPUTE AS TO JURY INSTRUCTIONS IN THE ABSENCE OF THE DEFENDANT.
 {¶ 11} "IV. THE TRIAL COURT ERRED IN OVERRULING DEFENSE OBJECTIONS TO LEADING QUESTIONS POSED BY THE PROSECUTING ATTORNEY TO THE COMPLAINING WITNESS."
 I, II, III {¶ 12} Appellant's first, second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 13} Appellant asserts the trial court erred in conducting proceedings relative to Appellant's trial in chambers, outside the presence of Appellant. Specifically, Appellant *Page 4 
cites the trial court's interviewing of jurors in chambers, and conferencing with regard to a dispute concerning a mistrial motion and the jury instructions.
 {¶ 14} In State v. Green (2000), 90 Ohio St.3d 352, the Ohio Supreme Court held a defendant has a fundamental right to be present at all stages of his criminal trial:
 {¶ 15} "An accused's absence, however, does not necessarily result in prejudicial or constitutional error.
 {¶ 16} "In Snyder v. Massachusetts (1934), 291 U.S. 97, 107-108,54 S.Ct. 330, 333, 78 L.Ed. 674, 679, the court held that "the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." In United States v. Gagnon (1985), 470 U.S. 522, 105 S.Ct. 1482,84 L.Ed.2d 486, the Supreme Court held that a defendant's absence from a hearing involving a juror, when counsel were present, did not offend due process. See Kentucky v. Stincer, 482 U.S. 730, 107 S.Ct. 2658,96 L.Ed.2d 631 (no Due Process or Confrontation Clause violation when an accused was excluded from a hearing on the competency of two child witnesses). See, also, State v. Williams (1983), 6 Ohio St.3d 281,285-287, 6 OBR 345, 348-350, 452 N.E.2d 1323, 1329-1331; State v.Roe (1989), 41 Ohio St.3d 18, 27, 535 N.E.2d 1351, 1362. See, also, Fed.R.Crim.P. 43(c)(3) (accused need not be present at "a conference or hearing upon a question of law").
 {¶ 17} "Although the number of Green's absences from in-chambers conferences is disturbing, the absences did not thwart a fair and just hearing. Snyder, supra. Counsel were present and fully participated. At the conferences, the panel never received testimony or evidence. Cf.State v. Taylor, 78 Ohio St.3d at 24, 676 N.E.2d at 92. The discussions mostly involved legal issues within the professional competence of *Page 5 
counsel, not issues that Green must personally decide. Cf. United Statesv. Brown (C.A.6, 1978), 571 F.2d 980, 987 (accused must establish prejudice from absence at in-chambers conference); State v. White
(1998), 82 Ohio St.3d 16, 26, 693 N.E.2d 772, 781 (accused's absence during hearing on proposed jury instructions did not deprive him of fair trial); State v. Williams, 6 Ohio St.3d at 285-287, 6 OBR at 348-350,452 N.E.2d at 1329-1331.
 {¶ 18} "Moreover, Green's counsel expressly waived Green's presence at these discussions. See United States v. Gagnon, 470 U.S. at 528,105 S.Ct. at 1485, 84 L.Ed.2d at 491 (trial court "need not get an express `on the record' waiver from the defendant for every trial conference which a defendant may have a right to attend"); United States v.Gallego (C.A.2, 1999), 191 F.3d 156, 171-172 (waiver can be inferred from accused's failure to object to exclusion); Polizzi v. UnitedStates (C.A.2, 1991), 926 F.2d 1311, 1322-1323 (counsel can waive accused's right to be present); State v. Hill, 73 Ohio St.3d at 444,653 N.E.2d at 281. Thus, we reject the fifteenth proposition of law."
 {¶ 19} Initially, we note, in this case, the court reporter was present and transcribed all proceedings in chambers. In addition, Appellant's counsel was present during the proceedings, and did not object to the proceedings taking place in chambers. In fact, Appellant's counsel specifically requested inquiry of the jurors in chambers as the appropriate forum during trial. The discussions in chambers involved legal issues within the professional competence of Appellant's trial counsel, and did not prejudice the outcome of Appellant's trial.
 {¶ 20} Appellant's first, second and third assignments of error are overruled. *Page 6 
 IV. {¶ 21} In the fourth assignment of error, Appellant argues the trial court erred in allowing the State to question the victim with leading questions.
 {¶ 22} Evidence introduced at trial indicates the victim is unable to walk or talk, but is able to communicate by use of a "Bliss Board." The Bliss Board allows the victim to communicate short phrases by pointing to phrases or letters. He can also indicate yes or no responses by nodding his head.
 {¶ 23} Evidence Rule 611(C) states:
 {¶ 24} "(C) Leading questions
 {¶ 25} "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony.
Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions" (Emphasis added).
 {¶ 26} "The court exercises discretion and reasonable control over the mode of interrogation so that its presentation will effectively ascertain the truth. Evid.R. 611(A).
 {¶ 27} The following exchange occurred during trial in this matter:
 {¶ 28} "Q. [The victim], back on September the 27th, 2005, in your mom's home, the home where you live, did someone hurt you?
 {¶ 29} "Mr. Hanner: Your Honor, I would object.
 {¶ 30} "The Witness: Yes.
 {¶ 31} "The Court: What?
 {¶ 32} "Mr. Hanner: Leading. I believe the question was leading. *Page 7 
 {¶ 33} "The Court: I'm going to allow some leading questions. I think to the extent possible that we could use some non-leading questions, that would be good, Mr. Mastin. But under 611 I will allow some leading questions due to the limitation.
 {¶ 34} "Mr. Mastin: Thank you, Your Honor."
 {¶ 35} Tr. at 545-546.
 {¶ 36} The leading questions posed at trial were corroborated by the testimony of Dr. Johnson, the emergency room physician who performed an examination of the victim on the date in question, and through the testimony of the victim's mother. Dr. Johnson testified relative to the examination, which included a rape kit. He testified at trial:
 {¶ 37} "Q. Okay. So you take the swab and at some point in time you're rolling it, as you said, along and into the anal opening, correct?
 {¶ 38} "A. No. The directions state you do not insert it far in there. You can't just poke in there. But, yes, but we're rolling along the sides. And the reason you roll is basically to collect it evenly along it.
 {¶ 39} "Q. Okay.
 {¶ 40} "A. And it's up in there. I would not say high, but it certainly was up in there. And I again apologize for the vulgarity.
 {¶ 41} "Q. Is your swab — maybe let me say it in a different way. Is your swab that you're collecting for this sexual assault kit, or, quote, rape kit, as some people call it, is it being — penetrating that anal opening as you're collecting the swab?
 {¶ 42} "A. To a degree, yes."
 {¶ 43} Tr. at 345. *Page 8 
 {¶ 44} The DNA retrieved from the anal swab matched that of Appellant.
 {¶ 45} Accordingly, we find the trial court did not abuse its discretion in allowing the State to ask leading questions in consideration of the unique facts and circumstances surrounding this case.
 {¶ 46} The fourth assignment of error is overruled.
 {¶ 47} Appellant's conviction in the Tuscarawas County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Edwards, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1